IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY J. YATES,

    **Petitioner,**

V.            CIVIL ACTION NO. 1:03CV275
                (Judge Keeley)

**WILLIAM M. FOX, Warden,**
St. Marys Correctional Center,

    **Respondent.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE

  On December 12, 2003, pro se petitioner Roy J. Yates ("Yates") filed a petition pursuant to 28 U.S.C. § 2254 in this Court. On December 23, 2003, United States Magistrate Judge John S. Kaull issued an order informing Yates that his petition appeared to be untimely and giving him until January 15, 2004, to demonstrate that it had been timely filed. In accord with that order, Yates filed a response on January 15, 2004.

  On July 1, 2004, Magistrate Judge Kaull issued a Report and Recommendation ("R&R"), recommending that Yates' petition be denied as untimely and dismissed with prejudice. Subsequently, on July 12, 2004, Yates filed objections to the R&R. For the following reasons, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation and **DISMISSES WITH PREJUDICE** Yates' 28 U.S.C. § 2254 petition.

**Yates v. Fox**                                              1:03CV275

## ORDER AFFIRMING R&R AND DISMISSING CASE

### I. BACKGROUND

#### A. Procedural History

On March 16, 1995, Yates entered a plea of nolo contendere to second degree sexual assault in the Circuit Court of Fayette County, West Virginia. Following his August 2, 1995, sentencing, Yates did not directly appeal his conviction or sentence.

On January 18, 1996, pursuant W. Va. Code § 53-4A-1, et seq., Yates filed a pro se petition for Writ of Habeas Corpus in the Circuit Court of Fayette County.[1] After a hearing, the court denied the petition.

Following the trial court's denial of his habeas corpus petition, Yates filed a petition for appeal with the West Virginia Supreme Court of Appeals. On December 10, 1997, the West Virginia Supreme Court refused the petition.

Thereafter, on October 1, 1998, pursuant to 28 U.S.C. § 2254, Yates filed an application for a writ of federal habeas corpus in the United States District Court for the Southern District of West

---

[1] Yates' Objections to the R&R state that he filed his first habeas corpus petition in the Circuit Court for Kanawha County, West Virginia, while the R&R states that Yates filed his first habeas corpus petition in the Circuit Court of Fayette County, West Virginia. Given there is no dispute over the timing of that petition, a discrepancy as to where the petition was filed is irrelevant to the court's analysis.

Virginia. On January 4, 1999, the district court dismissed without prejudice his petition for failure to exhaust state remedies.

On June 16, 1999, the district court reopened Yates' § 2254 case, but again dismissed his petition without prejudice for failure to exhaust state remedies on February 23, 2000.

On February 22, 2000, Yates filed a second petition for state habeas corpus relief in the Circuit Court of Fayette County. On April 11, 2002, that court denied the petition.

On August 30, 2002, Yates filed a petition for appeal from the circuit court's order. The petition for appeal was denied by the West Virginia Supreme Court on February 13, 2003.

Thereafter, on December 12, 2003, Yates filed the instant § 2254 petition with this Court.

**B. The Anti-Terrorism and Effective Death Penalty Act**

On April 24, 1996, President Clinton signed into law the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The statute provides in pertinent part:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing any such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d); Harris v. Hutchinson, 209 F.3d 325, 372 (4th Cir. 2000).

"Prior to the enactment of the AEDPA, no statute limited the time available for a prisoner to file a habeas petition." Brown, 150 F.3d at 371. Instead, Rule 9(a) of the Rules Governing Section 2254 Cases[2] in the United States District Courts constituted the

---

[2] The rule permits a district court to dismiss a petition "if it appears that the state ... has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Habeas Corpus Rule 9(a); Brown, 150 F.3d at 371.

4

only pre-AEDPA time limit on such filings. See Id. With the AEDPA, however, came a one-year period of limitation on the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d).

**C. Report and Recommendation and Objections**

Magistrate Judge Kaull recommends that Yates' petition be denied and dismissed with prejudice because it was not filed within the applicable one-year period of limitations set forth by the AEDPA. In his R&R, Magistrate Judge Kaull first determined that the AEDPA's provisions apply to Yates' December 12, 2003, petition. See Lindh v. Murphy, 521 U.S. 320 (1997) (holding that the AEDPA applies to those cases filed after April 24, 1996).

Pursuant to 28 U.S.C. § 2244(d)(1)(A-D), Magistrate Judge Kaull next established the applicable triggering date for the running of the limitations period under the AEDPA. After first finding that Yates' petition did not assert that the state had impeded the filing of his § 2254 petition, § 2244(d)(1)(B), that the Supreme Court had not created a newly recognized constitutional right which retroactively applied to Yates' petition, § 2244(d)(1)(C), and that there were no newly discovered facts, § 2244(d)(1)(D), Magistrate Judge Kaull examined whether the date

on which Yates' judgment became final triggered the running of the limitations period in this case, § 2244(d)(1)(A).

Magistrate Judge Kaull recognized that, because Yates did not directly appeal his conviction or sentence within four months[3] of his August 2, 1995, sentencing date, his conviction became final on December 2, 1995, prior to the effective date of the AEDPA. Therefore, citing Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000), he further found that the date on which Yates' conviction became final did not trigger the running of the limitations period. Rather, it was the effective date of the statute itself that signaled the beginning of the one-year limitations period in this case.

However, because Yates had a pending habeas corpus petition in the Circuit Court of Fayette County on the triggering date, pursuant to 28 U.S.C. § 2244(d)(2), the running of the limitations period was tolled until Yates' petition for appeal was refused by the West Virginia Supreme Court on December 10, 1997. Magistrate Judge Kaull then calculated the running of the one-year period forward from that date, applying the tolling provision where

---

[3] Pursuant Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, "a petition must be filed with the clerk of circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order."

applicable. In doing so, he found that the limitations period for Yates to bring his § 2254 petition ran at least seven months prior to his December 12, 2003 filing date.

In his Objections, Yates asserts that because he filed his first state habeas corpus petition prior to the enactment of the AEDPA, the AEDPA's one-year period of limitation should not apply to the federal habeas corpus petition before the Court. Further, Yates contends that, even if the one-year period does apply, it was not triggered until February 13, 2003, because previous court proceedings impeded his ability to bring his § 2254 petition at an earlier date. Specifically, he contends that by adhering to the district court for the Southern District of West Virginia's earlier orders, he was required to exhaust his state remedies a second time prior to filing his instant § 2254 petition. Thus, Yates argues, he lost valuable time necessary to file the petition now under review and, as such, the limitations period should be calculated from February 13, 2003, the date on which his final attempt to seek state habeas corpus relief concluded.

## II. STANDARDS OF REVIEW

A federal court "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court" when the petition seeks relief "on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).

"[A]ny individual findings of fact or recommendations for disposition by [a federal magistrate judge], if objected to, are subject to final de novo determination on such objections by a district judge, thus satisfying the requirements of Article III [of the United States Constitution]." 28 U.S.C. § 636(b); Wimmer v. Cook, 774 F.2d 68, 73 (4th Cir. 1985); See also Fed. R. Civ. P. 74(b); U.S.C. Const. Art. 3 § 1, et seq.

## III. DISCUSSION

In this case, Yates questions whether the AEDPA and its one-year limitations period applies to his § 2254 petition since his initial petition for habeas corpus relief was filed in state court prior to the AEDPA's effective date. He further questions the recommended triggering date for the one-year limitations period should it be found to apply. Upon de novo review, the Court affirms the Magistrate Judge on both issues, finding that the AEDPA's one-year limitation period applies to Yates' petition and that the period began to run on December 10, 1997.

**Yates v. Fox**                                                                            1:03CV275

**ORDER AFFIRMING R&R AND DISMISSING CASE**

**1. Applicability of the AEDPA**

The United States Supreme Court has held that the AEDPA's amendments to Chapter 153 of Title 28 of the United States Code[4] generally apply to any petition filed after the effective date of the Act. Lindh v. Murphy, 521 U.S. 320 (1997). The Fourth Circuit has likewise held that "any <u>federal</u> petition for a writ of habeas corpus filed after the signing of the AEDPA on April 24, 1996 is governed by the AEDPA." Taylor v. Lee, 186 F.3d 557, 559-60 (4th Cir. 1999) (emphasis added) (citing Brown, 150 F.3d at 372). Further, that governance includes application of 28 U.S.C. § 2244(d)'s one-year period of limitation. Brown, 150 F.3d at 372.

In this case, Yates filed the federal habeas corpus petition before this Court on December 12, 2003, well after April 24, 1996, the effective date of the AEDPA. That Yates filed for habeas corpus relief in state court under state law prior to the effective date of the AEDPA is of no moment in the Court's determination of whether the AEDPA applies to the federal habeas corpus petition now before it. Thus, in accord with controlling precedent and Magistrate Judge Kaull's recommendation, the Court finds that the AEDPA applies to Yates' § 2254 petition, and proceeds to calculate

---

[4]Chapter 153 of Title 28 of the United States Code contains the rules and regulations applicable to federal habeas corpus.

the running of the applicable one-year limitations period in this case.

## 2. Period of Limitations

In his Objections, Yates states that previous habeas corpus proceedings in both state and federal court impeded his ability to file his § 2254 petition before this Court. Accordingly, he argues that until the date of his last response from the West Virginia Supreme Court of Appeals on February 13, 2003, his impediments to filing in this Court were not removed. The Court interprets Yates' objection as presenting an argument under 28 U.S.C. § 2244(d)(1)(B) that the AEDPA's one-year limitation period was not triggered until February 13, 2003, the date on which his last preceding collateral review proceeding was concluded, and the date on which the alleged impediments to his filing in this court were removed. The Court disagrees.

28 U.S.C. § 2244(d)(1)(B) provides that the period of limitations starts at "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing any such State action." First, the District Court for the Southern District of West Virginia's dismissal of Yates' previous § 2254 petition was not a state

action. Second, the exhaustion of state remedies is not a violation of either constitutional or federal law. To the contrary, it is in strict compliance with federal statutory requirements. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the Court finds that Yates faced no impediment to warrant the application of 28 U.S.C. § 2244(d)(1)(B) in this case.

Further, the Court agrees with Magistrate Judge Kaull that, under West Virginia law, Yates' judgment became final prior to April 24, 1996, the effective date of the AEDPA. As such, the running of the period of limitations is triggered by the enactment of the AEDPA, not the date the judgment became final. See Brown, 150 F.3d at 375 (finding that "prisoners whose convictions became final any time prior to the effective date of the AEDPA . . ." had one year from the effective date to file their § 2254 petition).

However, as Magistrate Judge Kaull recognized, Yates had a state habeas corpus petition pending on the date the AEDPA was enacted. Under 28 U.S.C. § 2244(d)(2), pending habeas corpus petitions in state court toll the period of limitations. See Lindh, 521 U.S. 320 (1997); See also Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999) (holding that "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to

final disposition by the highest state court, is tolled from the limitations period for federal habeas corpus petitioners who were already involved in state post-conviction proceedings on April 24, 1996").

Two hundred and ninety-five days later, on October 1, 1998, Yates filed a § 2254 petition in the United States District Court for the Southern District of West Virginia, leaving 70 days remaining on his period of limitations. That petition was pending in the district court for 95 days before the court dismissed it on January 4, 1999.

> "[A]n application of federal habeas corpus is not an 'application for state post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."

Duncan v. Walker, 533 U.S. 167, 181 (2000).

Therefore, the pendency of Yates' initial § 2254 petition did not toll the limitations period at issue here. Accordingly, his window of opportunity to file a subsequent § 2254 petition closed 25 days before the district court for the Southern District of West Virginia dismissed his initial federal habeas corpus petition.

Following his dismissal from the Southern District of West Virginia, Yates continued to seek habeas corpus relief in both federal and state courts until February 13, 2003. Pursuant to authority cited above, only those periods during which Yates was in

**ORDER AFFIRMING R&R AND DISMISSING CASE**

state court tolled the running of 28 U.S.C. § 2244(d)(1)'s period of limitations. However, as Magistrate Judge Kaull recognized, even if the Court were to find that the entire period from the filing of his first § 2254 petition, through the conclusion of his last state court proceeding, should be equitably tolled in recognition of Yates' attempts to finally exhaust his state remedies, the record is clear that his instant petition is still untimely.

As noted above, Yates had 70 days remaining on the applicable one-year limitations period when he filed his first § 2254 petition in the Southern District of West Virginia on October 1, 1998. However, Yates did not file his § 2254 petition in this Court until December 12, 2003, ten months after the date of his last response from the West Virginia Supreme Court of Appeals on February 13, 2003. Even with 70 days remaining on his limitation period, Yates' attempts to bring a § 2254 petition would have been rendered untimely on or about the beginning of May, 2003, some seven months before he filed in this Court. Thus, it is clear that his December 12, 2003, attempt to petition this Court for habeas corpus relief was in violation of the AEDPA.

## V. CONCLUSION

Therefore, the Court **AFFIRMS** the Magistrate Judge's recommendation, **DENIES** Yates's 28 U.S.C. § 2254 as untimely, and **DISMISSES** that petition **WITH PREJUDICE** from the Court's docket.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, counsel of record, and all appropriate agencies.

DATED: August, 9, 2006

*/s/ Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE